UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT VANDELL,

        Plaintiff,         Case No. 14-cv-11933

v.         Honorable Thomas L. Ludington
        Magistrate Judge Patricia T. Morris

U.S. BANK N.A.,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

On February 21, 2014, Plaintiff Robert Vandell filed a complaint in Bay County Circuit Court alleging that:

> 8. The Bank failed to provide Plaintiff the proper disclosures required by the Truth in Lending Act[,] . . .
>
> 9. Plaintiff was never provided a mortgage closing package[,] . . .
>
> 12. Plaintiff qualified and continues to qualify for modification of the subject mortgage and note[,] . . .
>
> 13. Defendant has contacted various third parties and made misrepresentations about Plaintiff's character and has disclosed his personal information[,] . . .
>
> 14. The statutes of limitation in this matter are subject to equitable tolling[,] . . .
>
> 15. Defendant has initiated foreclosure proceedings without regard to the modification agreement entered into[, and] . . .
>
> 16. The Bank engaged in deficient mortgage servicing and foreclosure processes.

ECF No. 1 at ¶8-9, 12-16. Vandell claimed ten separate causes of action in support of his allegations: (1) fraudulent misrepresentation; (2) breach of contract; (3) violation of the Federal Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"); (4)

violation of 15 U.S.C. § 1639; (5) quiet title; (6) violation of M.C.L. 600.3204 *et seq*.; (7) slander of title; (8) defamation; (9) intentional infliction of emotional distress; and (10) injunctive relief. ECF No. 1. On May 14, 2014, Defendant removed the case to this Court. *Id*.

On June 20, 2014, Defendant U.S. Bank National Association filed a motion to dismiss Vandell's complaint. ECF No. 7. Defendant asserted, as an initial matter, that a number of Vandell's claims cannot be brought against Defendant as trustee, since they are directed at the original lender, or mortgagee. ECF No. 7 at 4. Defendant also argued that Vandell lacked standing to bring any claims related to the property at issue. *Id*. at 6. Defendant then asserted, in the alternative, that any cause of action not barred by Defendant's status as trustee or Vandell's lack of standing failed, on the merits, to state a claim upon which relief could be granted.

On August 20, 2014, Magistrate Judge Patricia T. Morris issued a report recommending that Defendant's motion be granted and Plaintiff's complaint be dismissed. ECF No. 9. Magistrate Judge Morris found that Vandell's failure to bring his claim within the redemption meant that the foreclosure of his property would only be set aside if there was fraud or irregularity in the foreclosure procedure itself. *Id*. at 7. Finding no defect or irregularity sufficient to set aside the foreclosure, Magistrate Judge Morris recommended that Vandell's claims be dismissed. *Id*. Even if Vandell could show a defect or irregularity, Magistrate Judge Morris continued, he failed to allege sufficient prejudice arising out of Defendant's alleged violation of Michigan foreclosure law. *Id*. at 8. The failure to allege prejudice would be fatal to Vandell's complaint, even if he was able to show a defect or irregularity in foreclosure. *Id*.

Magistrate Judge Morris, after recommending that Vandell lacked standing to set aside the foreclosure of his property, also addressed the merits of Vandell's claims. As to Vandell's fraudulent misrepresentation claim, Magistrate Judge Morris recommended that his complaint

did not meet the special pleading requirements found in Federal Rule of Civil Procedure 9(b) for allegations of fraud. ECF No. 9 at 9. Next, Magistrate Judge Morris recommended that Vandell's breach of contract claim simply restated his fraud claim and so failed to state a claim on which relief may be granted. *Id*. at 10. Third, Magistrate Judge Morris recommended that Vandell's claims under the Federal Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA") were time-barred by the statute of limitations. *Id*. at 11. Fourth, Magistrate Judge Morris recommended that Vandell's quiet title action was barred by the doctrine of unclean hands, since Vandell was trying to inequitably discharge the debt he owed under the mortgage. *Id*. Next, Magistrate Judge Morris recommended that Vandell's claim that Defendant violated M.C.L. 600.3204 was without merit because Defendant had no obligation to modify Vandell's mortgage. *Id*. at 11-12. Seventh, Magistrate Judge Morris recommended that Vandell's slander of title claim be dismissed because he did not contest the fact that he defaulted on his loan and thus that the lien placed on his property was a valid one. *Id*. at 12. As to Vandell's defamation claim, Magistrate Judge Morris recommended that it be dismissed because Vandell made no more than a conclusory allegation that Defendant made false statements related to his character and personal information. *Id*. at 12-13. Ninth, Magistrate Judge Morris recommended the dismissal of Vandell's intentional infliction of emotional distress ("IIED") claim because Vandell did not allege any specific conduct that led to his emotional distress and because the IIED tort is not cognizable in Michigan under a breach of contract action. *Id*. at 13-14. Lastly, Magistrate Judge Morris recommended that injunctive relief was not warranted in this matter because Vandell failed to show any likelihood of success on the merits. *Id*. at 14.

Although the Magistrate Judge's report explicitly stated that the parties to this action may object to and seek review of the recommendation within fourteen days of service of the report,

- 4 -

neither Plaintiff nor Defendant filed any objections. The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 9, is **ADOPTED**.

It is further **ORDERED** that Defendant's Motion to Dismiss, ECF No. 7, is **GRANTED**.

It is further **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Dated: November 24, 2014               s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 24, 2014.

                               s/Tracy A. Jacobs
                               TRACY A. JACOBS